**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

CHRISTOPHER YOUNGER,      )
                        )
       Plaintiff             )
                        )
           v.               )       Civil Action No. 2:20-cv-878
                        )       Magistrate Judge Patricia L. Dodge
R. GROSS, D. EDWARDS,        )
A. TUCKER and J. HOLT,       )
                        )
       Defendants.       )

**<u>MEMORANDUM OPINION</u>**[1]

Pending before the Court is Defendants' Motion to Dismiss (ECF 106) the Second Amended Complaint (ECF 104) filed by Plaintiff Christopher Younger. For the reasons that follow, the Motion will be granted.

**I.      Background**

Plaintiff, who is proceeding *pro se*, is a former inmate of the Allegheny County Jail. He was released from confinement in October 2021. (*See* ECF 101.) The events at issue in this lawsuit relate to an alleged incident of excessive force that occurred at the jail on June 14, 2019 when Plaintiff was housed there as a pretrial detainee (the "June 14, 2019 incident").

In June 2020, Plaintiff filed his original Complaint (ECF 6) in this civil action, naming as defendants Orlando Harper, the Warden of the Allegheny County Jail; CO R. Gross; Captain D. Edwards; and Sergeant Tucker. Soon after, Plaintiff filed his First Amended Complaint (ECF

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case. Therefore, the undersigned has the authority to decide dispositive motions and enter final judgment.

18). He named the same four defendants and asserted claims under 42 U.S.C. § 1983 against: (1) Defendants Gross, Tucker and Edwards for excessive force related to the June 14, 2019 incident; (2) Warden Harper for allegedly failing to discipline the other defendants following the June 14, 2019 incident; and (3) Defendant Gross for retaliation.

Defendants moved to dismiss the First Amended Complaint (ECF 22), which the Court granted in part and denied in part. (*See* ECF 30, 31.) The Court: (1) *dismissed with prejudice* all claims brought against Warden Harper in his individual and official capacities and terminated him as a defendant in this case; and (2) *dismissed with prejudice* all claims brought against Defendants Gross, Tucker and Edwards in their official capacities. The Court denied Defendants' motion with respect to the claims of excessive force brought against Defendants Gross, Tucker and Edwards. Those claims, as well as the claim of retaliation brought against Defendant Gross, remain in this action.

Thereafter, Defendants Gross, Tucker and Edwards filed their Answer (ECF 32) to the First Amended Complaint and the case proceeded to discovery. After the close of discovery, Plaintiff filed a motion for leave to file another amended complaint. (ECF 80.) In relevant part, he sought leave to: (1) add CO Jason Holt as a defendant and bring an excessive force claim against him for the June 14, 2019 incident; and (2) add Warden Harper as a defendant and bring a claim against him for failing to provide Plaintiff with an adequate disciplinary hearing within ten days of an incident that was not identified or described and to bring a claim once again against him for failing to investigate the alleged incident of excessive force.

The Court granted Plaintiff's motion for leave of Court to file a second amended complaint only to the extent that he sought leave to add CO Holt as a defendant and bring an excessive force

claim against him for the June 14, 2019 incident. (ECF 84.) The Court denied Plaintiff's motion in all other respects, including his request to add Warden Harper once again as a defendant in this lawsuit and bring claims against him. (*Id.*)    Plaintiff filed the Second Amended Complaint (ECF 104), which is the operative pleading, on October 29, 2021. In contravention of Court's prior order, the Second Amended Complaint named Warden Harper has one of the defendants. Accordingly, the Court entered an order (ECF 105) that dismissed Warden Harper as a defendant in this lawsuit because Plaintiff was not granted leave to include him as a defendant in the Second Amended Complaint. The Court further ordered that paragraphs 4, 34 and 39[2] of the Second Amended Complaint—which are the only paragraphs that mention Warden Harper—are stricken from the Second Amended Complaint.

## II.    Factual Allegations

According to the allegations of the Second Amended Complaint, Defendant Gross entered Plaintiff's cell on June 14, 2019 and punched him in the face five times because he was upset that Plaintiff had asked for a captain after Defendant Gross would not let him go to the law library. (ECF 104 ¶¶ 10-11.) Plaintiff exited his cell with his belongings because Defendant Gross told him that he was "going to the hole." (*Id.* ¶ 13.) Defendant Gross then "jumped on [Plaintiff's] back to take [him] down" even though Plaintiff was posing "no threat" to the correctional officers at the scene. (*Id.* ¶ 14.) Defendant Tucker was one of those officers, and she tased Plaintiff many times on his side, back, and shoulder even though Plaintiff "never resisted." (*Id.* ¶¶ 17-18, 31.) Plaintiff

---

[2] Paragraph 4 identifies Warden Harper as a defendant. Paragraph 34 is the only paragraph in the body of the Second Amended Complaint that mentions Warden Harper, and it contains only conclusory legal conclusions (that he violated Plaintiff's right to due process and an excessive force policy regarding investigations.) Paragraph 39 is a claim for injunctive relief against Warden Harper, requesting a court order directing him to "follow all policies." Since Plaintiff was released from the Allegheny County Jail, any request for injunctive relief is moot.

alleges that he "was never the aggressor in this situation." (*Id.* ¶ 18.) Defendant Holt "jumped on Plaintiff's head," causing Plaintiff to "badly chip" his front teeth. (*Id.* ¶ 16.) Defendant Edwards then ordered that Plaintiff be placed in a restraint chair, where he remained for eight or nine hours without bathroom breaks, food or medical treatment. (*Id.* ¶¶ 19-21.) Plaintiff alleges that he suffered physical and psychological injuries as a result of the June 14, 2019 incident. (*Id.* ¶¶ 16-17, 22-24.)

Plaintiff brings an excessive force claim against each defendant and a retaliation claim against Defendant Gross. (*Id.* ¶¶ 30-33.) These claims are raised under 42 U.S.C. § 1983. Plaintiff also states that he suing each defendants in their official and individual capacities. (*Id.* ¶ 9.)

Pending before the Court is Defendants' Motion to Dismiss (ECF 106), within which they assert that all claims asserted against them in their official capacities must be dismissed.[3] Their motion is fully briefed. (ECF 107, 114.)

## II.    Standard of Review

To survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In sum, the plaintiff "must plead facts sufficient to show that her claim

---

[3] Defendants also filed an Answer to the Second Amended Complaint. (ECF 108.)

has substantive plausibility." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10 (2014). The court's plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

"A document filed *pro se* is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted); *see also Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a pro se litigant's pleadings is well-established."). Additionally, the Court must "apply the relevant legal principle even when the complaint has failed to name it." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim[,]" and "they cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.* at 245.

## III.  Discussion

A § 1983 claim asserted against an individual in his or her "official capacity" is synonymous with a claim against the municipality that employs the individual. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits…'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658, 690 (1978)). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.*

As explained above, the Court previously dismissed with prejudice all claims brought against Defendants Gross, Tucker and Edwards in their official capacities. Thus, it was improper for Plaintiff to assert in the Second Amended Complaint that he was bringing his claims against

them in their official capacities and the Court could dismiss those official capacity claims against them for that reason alone.

In any event, Defendants are correct that the Second Amended Complaint fails to state a claim against any of them (including the new defendant, Holt) in their official capacities. As the Court explained in its earlier opinion (ECF 30) disposing of Defendants' motion to dismiss the First Amended Complaint, a city or county government such as Allegheny County is a "person" for purposes of § 1983. *Monell*, 436 U.S. at 690-91. Claims seeking to hold a local government entity liable under § 1983 are referred to as *Monell* claims. Like an individual, the local government can be liable only for its own misconduct. *Id.* To establish § 1983 liability against a local government, the plaintiff must prove that a municipal "policy or custom" is the "moving force" of the constitutional violation at issue. *Id.* at 694. Thus, to state a claim for liability against Allegheny County, Plaintiff must allege that its policies or customs, or those of its jail, caused his constitutional violations. *Id.*; *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). He "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009).

Plaintiff did not satisfy this pleading standard. He does not allege that his constitutional rights *were violated by a policy or custom of Allegheny County or the Allegheny County Jail*. Rather, he asserts that Defendants' alleged actions *violated the Allegheny County Jails' "Use of Force Policy # 207."* (ECF 104 ¶¶ 30-33; ECF 114 at 3.) Thus, in actuality Plaintiff is not seeking to hold Defendants liable in their official capacities because of a policy or custom of Allegheny

County or of its jail. Thus, the Second Amended Complaint fails to state a *Monell* claim and Plaintiff's official capacity claims against each defendant will be dismissed for that reason.

## IV.   Conclusion

Based on the above,  the Court will grant Defendants' Motion (ECF 106) and dismiss the official capacity claims Plaintiff brings against each of them. Under the circumstances, it would be futile to provide Plaintiff with another opportunity to plead official capacity claims against any defendant and the dismissal is with prejudice.

An appropriate Order follows. Because the discovery stage of this litigation is complete, the Court will also in that Order set the schedule for motions for summary judgment and/or pretrial statements.

BY THE COURT:

Dated: February 18 , 2022                 /s/ Patricia L. Dodge
                                          PATRICIA L. DODGE
                                          UNITED STATES MAGISTRATE JUDGE

7