IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER YOUNGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 20-cv-878 |
| v. ) | |
| ) | Magistrate Judge Patricia L. Dodge |
| R. GROSS, D. EDWARDS, A. TUCKER, ) | |
| and J. HOLT, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**[1]

For the following reasons, the Court will dismiss this case with prejudice for failure to prosecute.

I.   **Relevant Background**

Plaintiff, Christopher Younger, is proceeding *pro se* in this civil rights action, which he filed in June 2020 when he was a pretrial detainee at the Allegheny County Jail. As of at least October 27, 2021, Younger is no longer incarcerated. (*See* ECF 101.)

The Defendants in this action are Allegheny County Jail Officer Holt, Captain Edwards, Sergeant Tucker, and Officer Gross. In the Second Amended Complaint, which is the operative pleading, Younger claims that each defendant subjected him to excessive force, in violation of his rights under the Fourteenth Amendment, during an incident that occurred at the Allegheny County Jail on June 14, 2019. Younger also claims that Defendants Gross, Tucker and Edwards retaliated against him in violation of his First Amendment rights.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case. Thus, the undersigned has the authority to enter final judgment.

After the completion of discovery, Defendants moved for summary judgment on all claims. On March 9, 2023, the Court granted Defendants' motion with respect to the First Amendment retaliation claims against Defendants Edwards and Tucker. The Court denied the remainder of Defendants' motion because there are genuine disputes of material fact that precluded judgment in their favor on the excessive force claim asserted against each defendant and the retaliation claim asserted against Defendant Gross. (ECF 137, 138.)

After the Court decided Defendants' summary judgment motion, it issued an order directing Younger to file a notice indicating whether he agreed to mediate this case. (ECF 139.) The Court twice mailed this order to Younger at his address of record. On both occasions, the envelope containing the order was returned to the Court with the notation: "Return to Sender. Not Deliverable as Addressed. Unable to Forward." (ECF 140, 141 and 5/10/23 docket entry.)

Younger last communicated with the Court on May 24, 2023. On that date, he filed a notice with the Court confirming that the Court should continue to mail things to him at his address of record. (ECF 142.) He did not explain why the Court's previous orders, which were mailed to him at his address of record, were being returned as undeliverable. Younger also filed a one-sentence motion in which he requested that the Court appoint him a lawyer. (ECF 143.)

On May 30, 2023, the Court issued another order directing Younger to notify the Court by no later than June 14, 2023 whether he agreed to mediate this case. (ECF 144.) In this same order, the Court explained that if Younger agreed to mediate the case, the Court would attempt to find an attorney to represent him during the mediation process. (*Id.*)

Similar to what had occurred previously, the envelope containing the Court's May 30, 2023 order was returned as undeliverable. On June 29, 2023, the Court issued an order advising Younger that this case would be dismissed for failure to prosecute unless, by August 1, 2023, he updated

his address of record to a deliverable address. (ECF 145.) The Court further instructed that by the same date, Younger must provide to the Court a telephone number where he can be reached so that the Court can schedule a telephone conference. (*Id.*)

The Court mailed this order to Younger at his address of record. On July 31, 2023, the envelope containing it was returned to the Court because it was undeliverable and could not be forwarded. (*See* 7/31/23 docket entry.)

Thus, Younger has not complied with any order the Court has issued in this case during the last three months. Nor has he provided the Court with a deliverable address of record or communicated with the Court in any way since May 24, 2023. It thus appears that Younger has abandoned his prosecution of this case.

**II.   Discussion**

Rule 41(b) of the Federal Rules of Civil Procedure addresses the involuntary dismissal of an action or a claim, and under this Rule, a district court can dismiss an action *sua sponte* if a litigant fails to prosecute or to comply with a court order. *See, e.g.*, *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994). In *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper under Rule 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868 (emphasis omitted).

There is no "magic formula" or "mechanical calculation" to determine whether a case should be dismissed for failure to prosecute. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

None of the *Poulis* factors are dispositive and not all of them need to weigh in favor of dismissal before dismissal is warranted. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). Rather, the Court must "properly consider and balance" each of the six factors based on the record. *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019) (citing *Poulis*, 747 F.2d at 868). It must also analyze the factors in light of the "strong policy favoring decisions on the merits." *Id.*

The first and fourth *Poulis* factors—the extent of Younger's personal responsibility and whether his conduct is willful—each weigh heavily in favor of dismissal. Younger is proceeding *pro se* and is solely responsible for his own conduct. *See, e.g.*, *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); *Winston v. Lindsey*, No. 1:09-cv-224, 2011 WL 6000991, *2 (W.D. Pa. Nov. 30, 2011). He was advised at the beginning of this litigation that he "is under a continuing obligation to notify the Court of any change of his[ ] address" and that "[f]ailure to do so may result in the dismissal of this case if the Court or defendant(s) are not able to serve documents upon [him] because he[ ] has not kept his[ ] address of record current." (ECF 4, ¶ 15.) Younger consistently complied with this directive during earlier stages of this litigation. (*See* Notices of Change of Address at ECF 28, 54, 65, 86 & 101.) However, for the past several months Younger has failed to provide the Court with a current and deliverable address. Additionally, he has not communicated with the Court in any manner since May 24, 2023. Under the circumstances, the Court must conclude that Younger's decision not to provide the Court with a deliverable address, communicate with the Court or comply with Court orders is intentional. *See, e.g., Quadr v. Overmyer*, 642 F. App'x 100, 103 (3d Cir. 2016) (the district court correctly concluded that the plaintiff's actions were willful when he would not accept mail from the court, failed to respond to a motion to dismiss, and repeatedly missed deadlines).

4

The second *Poulis* factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Adams*, 29 F.3d at 874 (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). Although this factor does not weigh heavily in favor of dismissal at this time, it is not neutral either. Younger's repeated missing of deadlines and his failure to communicate with the Court frustrates and delays resolution of his remaining claims against Defendants, who have indicated their willingness to attempt to resolve those claims through the mediation process. *Mack v. United States*, No. 3:17-cv-1982, 2019 WL 1302626, *1 (M.D. Pa. Mar. 21, 2019) (plaintiff's continued failure to communicate with the district court and inaction "clearly prejudices the Defendants who seek a timely resolution of the case.") Thus, the second *Poulis* factor weighs in favor of dismissal.

The third *Poulis* factor considers whether there is a history of dilatoriness. "[E]xtensive or repeated delay or delinquency constitutes a history of dilatoriness[.]" *Adams*, 29 F.3d at 874. "A party's problematic acts must be evaluated in light of its behavior over the life of the case[,]" *id.* at 875 and, typically, "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'" *Briscoe*, 538 F.3d at 261 (citing *Scarborough*, 747 F.2d at 875, and *Donnelly v. Johns-Manvill Sales Corp.*, 677 F.2d 339, 343 (3d Cir. 1982)). Here, Younger has repeatedly failed to comply with Court-ordered deadlines and has not communicated with the Court since May 24, 2023. For these reasons, the third *Poulis* factor weighs in favor of dismissal.

The fifth *Poulis* factor requires the Court to consider the effectiveness of sanctions other than dismissal. Under the circumstances presented here, in which Younger does not comply with Court orders, no longer communicates with the Court, and appears to have abandoned the

5

litigation, alternative sanctions would not be effective. *Bowie v. Perry*, No. 1:19-cv-13, 2019 WL 2412488, *2 (W.D. Pa. May 13, 2019) ("alternative sanctions are unlikely to be effective against a party who refuses to communicate with the Court."), report and recommendation adopted by, 2019 WL 2410796 (W.D. Pa. July 7, 2019). As such, this factor weights in favor of dismissal.

When evaluating the sixth *Poulis* factor, the Court must consider the potential merits of Younger's remaining claims. Those claims survived the summary judgment stage of the litigation and thus they are deemed to have potential merit. *Briscoe*, 538 F.3d at 263. Accordingly, this final *Poulis* factor does not weigh in favor of dismissal. However, as set forth above, none of the *Poulis* factors are dispositive and not all of them need to be met for a district court to find that dismissal is warranted.

### III. Conclusion

In conclusion, at least five of the six *Poulis* factors weigh in favor of dismissal. The Court cannot properly control its docket, move this action forward, and properly protect the rights of all parties, if Younger fails to comply with Court orders and stops communicating with the Court altogether. He has consistently done all of those things. Therefore, the Court will dismiss this civil action with prejudice for failure to prosecute and close this case.

An appropriate Order follows.

August 23, 2023                                         BY THE COURT:

                                                        s/Patricia L. Dodge
                                                        PATRICIA L. DODGE
                                                        United States Magistrate Judge