IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER YOUNGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action 2:20-878 |
| vs. ) | |
| ) | |
| R. GROSS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

Plaintiff Christopher Younger commenced this pro se civil rights action against various defendants in 2020. This action was later dismissed with prejudice on August 23, 2023 after Plaintiff failed to respond to multiple court orders.

Plaintiff, who is now represented by counsel, has filed a Motion to Vacate Dismissal and Reopen Proceedings (ECF 150). For the reasons discussed below, Plaintiff's Motion will be granted.

I.  **Relevant Procedural Background**

Plaintiff commenced this civil rights action when he was a pretrial detainee at the Allegheny County Jail. (ECF 124 ¶ 1.) The Second Amended Complaint names Allegheny County Jail Officer Holt, Captain Edwards, Sergeant Tucker, and Officer Gross as Defendants. The claims at issue arise under 42 U.S.C. § 1983 for violations of the First and Fourteenth Amendments of the United States Constitution.

On October 27, 2021, Plaintiff filed a Notice of Change of Address (ECF 101) changing his address of record to 2104 Chalfant Street, Wilkinsburg, PA 15221. Multiple orders of court were mailed to him at this address (ECF 109, 110, 113, 115, 116, 119, 121, 126, 127, 129, 131,

135, 137, 138), none of which were returned as undeliverable. During the same span of time, Plaintiff responded to orders of court and filed various motions and responses. (*See, e.g.*, ECF 112, 114, 120, 128, 130, 133, 134.)[1]

Defendants moved for summary judgment on June 13, 2022. (ECF 123.) In response, Plaintiff filed a motion for extension of time to file his own motion for summary judgment and his pretrial statement. His motion to file a pretrial statement was denied as untimely because he had missed the deadline for doing so. At the same time, however, Plaintiff was given additional time to respond to Defendants' motion for summary judgment and to file a pretrial statement. (ECF 129.) Plaintiff filed a response to the motion for summary judgment on July 22, 2022. He did not file a pretrial statement by the deadline, nor has he done so at any subsequent time.

In a Memorandum Opinion (ECF 137) and Order (ECF 138) dated March 9, 2023, the Court granted Defendants' motion for summary judgment with respect to the First Amendment retaliation claim against Defendant Edwards and Defendant Tucker and otherwise denied their motion.

After the Court ruled on the motion for summary judgment, it issued an order on March 16, 2023 directing Plaintiff to notify the Court by April 14, 2023 if he agreed to mediate this case pursuant to the Court's Pro Se Mediation Program. (ECF 193.) The mailing from the Court was returned with the following notation: "Return to sender. Not deliverable as addressed. Unable to forward." A subsequent mailing to Plaintiff on May 2, 2023 was returned on May 10, 2023 for the same reason. On May 24, 2023, Plaintiff filed a second change of address. (ECF 142.)

---

[1] In his January 11, 2021 motion for extension of time to file a response to a motion to dismiss filed by Defendants, Plaintiff noted that "due to mailing issues 'getting my mail,' I never received [the order scheduling his response deadline]." (*See* ECF 112.) This is the only time that Plaintiff raised issues with his mail prior to the pending motion to vacate.

In it, he provided the same address of 2104 Chalfant Street, but rather than providing his city as "Wilkinsburg," he identified it as "Pittsburgh." The state and zip code remained unchanged. An order sent to this address on May 30, 2023 was again returned as "not deliverable as addressed."

The Court then issued an order on June 29, 2023 advising Plaintiff that his case would be dismissed for failure to prosecute if he failed to respond to the Court's orders or otherwise failed to communicate with the Court. (ECF 145.) Because this order was again returned as undeliverable, the Court issued a memorandum and final order on August 23, 2023 dismissing this case with prejudice for failure to prosecute. (ECF 146, 147.) These documents were also returned as undeliverable.

On November 6, 2023, counsel for Plaintiff entered their appearances. The Motion to Vacate (ECF 150) followed and has been fully briefed by the parties. (ECF 151, 153.) An evidentiary hearing was held on February 5, 2024 during which Plaintiff testified and the parties presented their respective positions.

## II.    Relevant Factual Background[2]

Plaintiff testified at the hearing that for the past fifteen years, other than when incarcerated, he resided at the 2104 Chalfant address. That includes after his release from prison in October 2021. While cross-examination elicited that he, along with family members, owns other property, most of these properties are uninhabitable and he has not resided at any of them. Therefore, the undisputed evidence presented at the hearing confirmed that 2104 Chalfant address is where Plaintiff lives and expects to receive his mail. That is why Plaintiff designated it as his address of record. Plaintiff lives at this address with a girlfriend.

---

[2] The facts set forth in this section derive from the docket, Plaintiff's Affidavit (ECF 151-1) and his testimony at the February 5, 2024 hearing.

Plaintiff testified that his "girl," Alexandra Veona, retrieves the mail from a mailbox located at the garage door and pays the bills. He never collects the mail himself. Between October 2021 and March 2023, he regularly received mail. That includes the Court's opinion and order issued in March 2023 that granted in part and denied in part Defendants' motion for summary judgment. He claims to have received no mail other than junk mail between April and October 2023. He asked Ms. Veona several times if he had received anything from the Court and she indicated that he had not.

According to Plaintiff, he called the Clerk of Court and visited the Courthouse several times to determine the status of his case. In or about May 2023, he filed his second change of address because he reviewed the Court's entries about issues with his address. He also filed a motion to appoint counsel. Because the Court did not rule on this motion, he visited the Clerk's office and was told that he would get something in the mail.

At some point, which Plaintiff estimates to have been in November 2022, he rented a post office box for ninety days. The post office box was rented both in the name of a company he formed and his own name. Plaintiff failed to extend payment beyond ninety days.

It took Plaintiff a few months to question the status of his mail. Plaintiff claims that he was unaware of any problems with his mail until he visited the Post Office in September 2023. He went to the Post Office because he had not received a bank check for $7,000 that he was expecting. It was then that Plaintiff was advised that because he did not pay for his post office box beyond ninety days, mail addressed to him at 2104 Chalfant was being returned to sender. As reflected in Defendant's Exhibit A, mail from the Allegheny County Department of Court Records was also returned to sender in October 2023. Plaintiff claimed in his Affidavit that the issue was resolved but testified during the hearing that he is still having issues with his mail.

Plaintiff testified that he never intended to abandon his lawsuit and did not intentionally ignore the Court's orders.

### III. **Legal Standard**

As reflected in the opinion and order dismissing this action for failure to prosecute (ECF 146, 147), the Court reviewed the factors outlined in *Poulis v. State Farm Fire and Cas. Co.,* 747 F.2d 863 (3d Cir. 1984) and concluded that they supported dismissal under Rule 41(b). Plaintiff now seeks relief from the dismissal of this action under Rule 60(b)(1) of the Federal Rules of Civil Procedure.[3] Rule 60(b)(1) provides that a court may relieve a party from a final order for, among other reasons, "excusable neglect." Fed. R. Civ. P. 60(b)(1).

The parties agree that determining whether an order may be vacated based on excusable neglect is equitable and requires the Court to weigh the "totality of the circumstances" and specifically these four factors: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay, including whether it was within the moving party's control; and (4) whether the movant acted in good faith. *Pioneer Invest. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993). *See e.g.*, *Nara v. Frank*, 488 F.3d 187, 193-94 (3d Cir. 2007); *George Harms Constr. Co. v. Chao,* 371 F.3d 156, 163-64 (3d Cir. 2004).

---

[3] Plaintiff also moves in the alternative for relief under Rule 60(b)(6), which provides that a court may relieve a party from a final order for "any other reason that justifies relief." Because the Court has concluded that Plaintiff is entitled to relief under Rule 60(b)(1), it need not evaluate Petitioner's motion under Rule 60(b)(6).

IV. <u>Analysis</u>

A. <u>Prejudice to Defendants</u>

The first factor that must be reviewed in determining Plaintiff's motion to vacate is the danger of prejudice to Defendants. The Court acknowledges that vacating the dismissal impacts Defendants negatively. As they point out, since Plaintiff is now represented by counsel, if he prevails at trial (or possibly even in the context of a settlement), his counsel would be entitled to attorneys' fees. Moreover, if the dismissal is vacated, Defendants would incur their own litigation costs.

At the same time, however, reopening this case merely restores Defendants to the same position that they had before dismissal. At most, this case has been delayed for six months, and Defendants do not contend that there has been a loss of significant evidence as a result. *See Feliciano v. Reliant Tool Co.*, 691 F.2d 653, 657 (3d Cir. 1982). Similarly, there is no evidence of an increased potential for fraud or any significant reliance by Defendants on the dismissal. *Id.* Further, given the age and status of this case, much of the legal work before trial has been accomplished. And it appears that all parties are amenable to the possibility of mediation.

Therefore, there is no significant danger of prejudice to Defendants if the dismissal of this action is vacated.

B. <u>Length and Potential Impact of Delay</u>

Plaintiff's case was dismissed in August 2023. At that point, Defendants' summary judgment motion had been resolved. Counsel for Plaintiff entered their appearance in November 2023 and two days later, filed the pending motion. There is no basis to conclude that the intervening period between dismissal and Plaintiff's motion has had any significant impact on this action. As discussed above, if reopened, the parties will be required to mediate this matter,

and if not resolved, Plaintiff's claims will proceed to trial. Since discovery has concluded and there has been no suggestion that relevant evidence has been lost, the less than three-month delay in seeking to vacate dismissal is neither excessive nor has it resulted in any significant impact on resolution of Plaintiff's claims. Thus, this factor weighs in Plaintiff's favor.

C. <u>Reason for the Delay</u>

At the end of May, Plaintiff filed another notice of his address to clarify that he resided at 2104 Chalfant Street and a motion to appoint counsel. He claims that he was waiting for the Court to rule on this motion to appoint counsel before taking any other action. It was only after he filed that motion on May 24, 2023 that Plaintiff failed to respond to court orders or otherwise proceed with his claims. In his Affidavit and in his testimony, Plaintiff stated that his mail was not being delivered to him. As reflected on the docket, all orders and correspondence sent to him by the Court on or after May 30, 2023 were returned as not deliverable.

Plaintiff testified that he called the Clerk's Office several times and that he also visited the Clerk's Office. He was told that something would be mailed to him, presumably a ruling on his motion to appoint counsel. He took no action since it was his experience that Court decisions were made promptly. It appears that he looked at the docket in the Clerk's Office in August or September of 2023. His lawsuit was dismissed on August 23, 2023.

According to Plaintiff, he was unaware of issues with his mail until he visited the Post Office in September 2023. He did so at that time because he had not received a check that he was expecting. He states that he was advised at that time that his mail was not being delivered because he had directed his mail to a post office box for which he had ceased payment. According to Plaintiff's Brief in Support of Motion to Vacate Dismissal and Reopen Proceedings, he then engaged counsel in late October of 2023. (ECF 151 at 14-15).

7

It is uncontroverted that Plaintiff was not receiving his mail. This explains his failure to respond to Court orders at least until he reviewed the docket for the first time, which, as set forth above, he testified took place in August or September 2023. He learned of issues with his mail in September 2023. He retained counsel late in October 2023. Especially given his pro se status, these events sufficiently explain why he delayed in seeking to reopen this action.

D. Good Faith

Plaintiff testified that he did not intend to abandon his case or ignore court orders. Indeed, since the commencement of this action in 2020, Plaintiff, who was until recently a pro se litigant, has vigorously pursued his claims. While he did not always understand and follow procedural rules or strictly comply with all court orders (*see,* for example, ECF 17, 24, 36, 61, 95, 97, 129), Plaintiff advanced this action, including such matters as amending his complaint, seeking discovery and opposing Defendants' motion for summary judgment. He also timely updated his address of record as he was transferred to various correctional facilities and also when he was released from incarceration. Given this history, there is little reason to conclude that he has not pursued his claims in good faith or that he engaged in undue delay once he learned of his mail issue and the fact that his case had been dismissed. In short, Plaintiff's actions do not suggest intentional neglect of his lawsuit or knowingly violation of court orders. Thus, the Court concludes that he has acted in good faith.

V. Conclusion

Based on the above, the Court concludes that Plaintiff's conduct in failing to respond to the Court's orders or otherwise prosecute his claims represents excusable neglect. Therefore, under Rule 60(b)(1), the Court will vacate its Order dismissing this action with prejudice. (ECF 147.)

Therefore, this 12th day of February 2024, it is hereby ORDERED that the Court's August 23, 2024 Order of Court (ECF 147) that dismissed this action with prejudice is VACATED and this action is reopened.

BY THE COURT:

<u>/s/ Patricia L. Dodge</u>
PATRICIA L. DODGE
United States Magistrate Judge