IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER YOUNGER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> R. GROSS, D. EDWARDS, A. TUCKER, ) <br> and J. HOLT, ) <br> ) <br> Defendants. ) | Case No. 20-cv-878 <br><br> Magistrate Judge Patricia L. Dodge |

**MEMORANDUM**[1]

For the following reasons, the Court will dismiss this case with prejudice for failure to prosecute.

**I.     Introduction**

Plaintiff, Christopher Younger, has proceeded *pro se* in this civil rights action for the majority of the time since he commenced the lawsuit in June 2020. At that time, he was a pretrial detainee at the Allegheny County Jail. To the best of the Court's knowledge, he is not presently incarcerated.[2]

After resolution of Defendants' motion for summary judgment, the remaining claims in this action are claims of: (1) excessive force against Defendants Allegheny County Jail Officer Holt, Captain Edwards, Sergeant Tucker, and Officer Gross; and (2) a retaliation claim against Officer Gross.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case. Thus, the undersigned has the authority to enter final judgment.

[2] As reflected in the Standing Practice Order issued on June 24, 2020 (ECF 4), Younger was advised that he is under a continuing obligation to notify the Court of any change of his address.

## II.     Relevant Background

On June 29, 2023, this Court advised Younger that it would dismiss this case with prejudice for failure to prosecute if he failed to respond to an existing order (ECF 141) or otherwise communicate with the Court. Various orders that had been sent to Younger at his address of record were returned as "undeliverable." Younger neither responded nor updated his address. As a result, on August 23, 2023, after Younger failed to respond to multiple orders of court, this Court dismissed this case with prejudice for failure to prosecute (ECF 146).

Thereafter, the law firm of Cobb and Johns entered their appearance for Younger and moved to vacate the order dismissing the case. After full briefing and a hearing, the Court vacated its order and reopened this case on February 24, 2024 (ECF 158). In relevant part, Younger testified that despite the fact that his address of record was accurate, he had issues with receiving his mail and had not received the Court's most recent orders.

On March 28, 2024, counsel for Younger filed a motion to withdraw, representing that he had requested that they do so. In a subsequent response, Younger confirmed that he had "fired" his counsel. (ECF 169). Younger then failed to respond to an order of Court (ECF 172) and later filed a motion seeking to have all his mail sent by certified mail (ECF 174). This motion was denied, the Court noting that he was required at all times to provide his current address of record and that it was his responsibility, not that of the Court, to provide an accurate address where he can receive mail (ECF 177).

After a status conference, the Court issued a Pretrial Order (ECF 180). Subsequently, Younger filed a motion to appoint counsel (ECF 182). His motion was granted in part to the extent that the Court explained that it would undertake efforts to request that an attorney agree to represent Younger (since he has no constitutional right to appointment of counsel) (ECF 183). Attorney Alec

Wright later accepted the Court's request and entered his appearance on Younger's behalf (ECF 186).

Attorney Wright subsequently advised the Court that he was having difficulty contacting Younger at his address of record, but ultimately was able to do so. At a status conference with the Court on May 2, 2025, the parties agreed to participate in a judicial settlement conference, and it was scheduled to take place on June 27, 2025.

On June 12, 2025, Attorney Anthony Rodriques entered his appearance on behalf of Younger. At a subsequent telephone status conference on June 17, 2025 at which both Attorneys Rodriques and Wright were present, counsel confirmed that Younger would attend the settlement conference. The Court advised the parties, without objection, that that conference would be held in person. The oral motion of Attorney Wright to withdraw was also granted. (ECF 198, 199, 200).

One day before the scheduled settlement conference, Younger, not his counsel, filed a "Petition to Stay" (EC 202) in which he stated, among other things:

- "Petitioner has criminal cases that need to be first on the list for petitioners time."
- "Petitioner has hired tony rodriques for stand-by counsel so there is no daul-representation (sic) this (sic) case…"
- "Hearing could be on via zoom, but for the court making the petitioner come in person, Petitioner is about to turn his (sic) self in, on criminal chargers (sic)."

The Court dismissed the Petition, noting that as Younger was represented by counsel, all pleadings must be filed by his counsel (ECF 204). Notably, the appearance filed by Attorney Rodriques was not qualified or limited in any way, nor was he appointed by the Court as stand-by counsel.

3

Younger did not appear for the June 27, 2025 settlement conference. In an in-person conference with counsel that day, Attorney Rodriques agreed that the conference could not go forward since he did not have the authority to represent Younger given the contents of the Petition to Stay. As a result, the settlement conference was cancelled. On July 15, 2025, Attorney Rodriques filed a motion to withdraw as counsel in which he stated that Younger "requested that the undersigned withdraw for the above-captioned case." (ECF 207). The motion was granted on July 16, 2025 (ECF 208).

The Court then issued an order on July 16, 2025, that scheduled a telephone conference to occur on July 29, 2025 for the purpose of scheduling trial. A copy of the order was mailed to Younger at his address of record on July 16, 2025. Younger failed to appear at the conference, seek a continuance or otherwise communicate with the Court. As a result, on July 29, 2025, the Court issued an order (ECF 210) that directed Younger to show cause no later than August 6, 2025 why this case should not be dismissed for failure to prosecute, and advised that if he failed to do so, the case would be dismissed. Younger failed to respond, show cause or otherwise communicate with the Court by August 6, 2025.

On August 7, 2025, Attorney Rodriques, Youngers' prior counsel who had been asked by Younger to withdraw, filed a Notice of Appearance (ECF 211) and a Response to the Order to Show Cause (ECF 212).[3] The Response to the rule to show cause states in relevant part that:

> Mr. Younger, the Plaintiff, did not appear at the conference because he was not aware of said conference. Mr. Younger has been mourning his mother's death. This inaction was not willful disobedience of the Scheduling Order but instead, the Plaintiff was unaware.

---

[3] Despite having filed the Response, he also filed a "Motion for Extension the (sic) Time to Respond to the Rule to Show Cause" (ECF 213).

(ECF 212 at 1.) No further information was provided. Counsel also represented that "Younger has assiduously prosecuted this case thus far." (*Id.* at 2.)

**III.   Discussion**

Rule 41(b) of the Federal Rules of Civil Procedure addresses the involuntary dismissal of an action or a claim, and under this Rule, a district court can dismiss an action *sua sponte* if a litigant fails to prosecute or to comply with a court order. *See, e.g.*, *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994). In *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper under Rule 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868 (emphasis omitted).

There is no "magic formula" or "mechanical calculation" to determine whether a case should be dismissed for failure to prosecute. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). None of the *Poulis* factors are dispositive and not all of them need to weigh in favor of dismissal before dismissal is warranted. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). Rather, the Court must "properly consider and balance" each of the six factors based on the record. *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019) (citing *Poulis*, 747 F.2d at 868). It must also analyze the factors in light of the "strong policy favoring decisions on the merits." *Id.*

The first and fourth *Poulis* factors—the extent of Younger's personal responsibility and whether his conduct is willful—each weigh heavily in favor of dismissal. Over the more than five

years that this case has been pending, Younger has retained and then discharged two attorneys and a third, who agreed to represent him through the Court's efforts, withdrew. For most of this case, he has represented himself, and over the course of this case, has failed to comply with multiple court orders. Thus, Younger is solely responsible for his own conduct. *See, e.g.*, *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); *Winston v. Lindsey*, No. 1:09-cv-224, 2011 WL 6000991, *2 (W.D. Pa. Nov. 30, 2011).

Although Younger's current counsel states that Younger "was not aware" of the July 29, 2025 status conference, the Court mailed the order scheduling that conference to Younger's address of record and that order was not returned.[4] In his recently filed Petition to Stay, Younger provides the same address. And while his counsel states that he is "mourning his mother," the Petition to Stay does not reference this issue, nor has any additional information been provided. Indeed, as the Petition to Stay explicitly reflects, Younger has decided that he has pending criminal cases "that need to be first on the list." The Court also notes that Younger has provided a series of excuses over time as to why he has not complied with court orders. Under the circumstances, the Court must conclude that Younger's decision not to attend the settlement conference and the status conference is intentional and willful. *See, e.g.*, *Quadr v. Overmyer*, 642 F. App'x 100, 103 (3d Cir. 2016) (the district court correctly concluded that the plaintiff's actions were willful when he would not accept mail from the court, failed to respond to a motion to dismiss, and repeatedly missed deadlines).

---

[4] As reflected over the history of this case, Younger has alleged that he did not receive mail from the Court despite it being sent to his address of record. Indeed, this case was reopened after its dismissal because Younger claimed that there were issues with his mail. Notably, he does not allege in the current motion that he did not receive his mail, and does not explain how or why he was "unaware" of the conference other than a vague reference to mourning a family member, again without context. The Court does not find these allegations convincing or compelling given the history of this case, particularly given the content of Younger's Petition for Stay.

The second *Poulis* factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Adams*, 29 F.3d at 874 (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). This factor also weighs in favor of dismissal. This case has been pending since 2020 and had been fraught with multiple delays. More than five years have passed since the incidents that gave rise to Younger's claims. Younger's repeated missing of deadlines and his failure to communicate with the Court frustrates and delays resolution of his remaining claims against Defendants. *Mack v. United States*, No. 3:17-cv-1982, 2019 WL 1302626, *1 (M.D. Pa. Mar. 21, 2019) (the plaintiff's continued failure to communicate with the district court and inaction "clearly prejudices the Defendants who seek a timely resolution of the case.") The matters at issue occurred over six years ago. As counsel for Defendants stated on June 27, 2025 after the cancellation of the settlement conference, this case has been continually delayed and he does not know how much longer Defendants will remain employees of Allegheny County. Thus, the second *Poulis* factor weighs in favor of dismissal.

The third *Poulis* factor considers whether there is a history of dilatoriness. "[E]xtensive or repeated delay or delinquency constitutes a history of dilatoriness[.]" *Adams*, 29 F.3d at 874. "A party's problematic acts must be evaluated in light of its behavior over the life of the case[,]" *id.* at 875 and, typically, "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'" *Briscoe*, 538 F.3d at 261 (citing *Scarborough*, 747 F.2d at 875, and *Donnelly v. Johns-Manvill Sales Corp.*, 677 F.2d 339, 343 (3d Cir. 1982)). Here, there is a history of dilatory conduct. As more fully discussed above, Younger has repeatedly failed to comply with Court-ordered deadlines and failed to appear for court-ordered proceedings. He has terminated three sets

of lawyers. This conduct has unnecessarily and repeatedly resulted in prolonging these proceedings. For these reasons, the third *Poulis* factor weighs in favor of dismissal.

The fifth *Poulis* factor requires the Court to consider the effectiveness of sanctions other than dismissal. Under the circumstances presented here, alternative sanctions would not be effective. *Bowie v. Perry*, No. 1:19-cv-13, 2019 WL 2412488, *2 (W.D. Pa. May 13, 2019) ("alternative sanctions are unlikely to be effective against a party who refuses to communicate with the Court."), report and recommendation adopted, 2019 WL 2410796 (W.D. Pa. July 7, 2019). As such, this factor weights in favor of dismissal.

When evaluating the sixth *Poulis* factor, the Court must consider the potential merits of Younger's remaining claims. Those claims survived the summary judgment stage of the litigation and thus they are deemed to have potential merit. *Briscoe*, 538 F.3d at 263. Accordingly, this final *Poulis* factor does not weigh in favor of dismissal. However, as set forth above, none of the *Poulis* factors are dispositive and not all of them need to be met for a district court to find that dismissal is warranted.

### IV. Conclusion

In conclusion, at least five of the six *Poulis* factors weigh in favor of dismissal. The Court cannot properly control its docket, move this action forward, and properly protect the rights of all parties, if Younger fails to comply with Court orders and fails to appear for court proceedings. Therefore, the Court will dismiss this civil action with prejudice for failure to prosecute and close this case.

An appropriate Order follows.

August 11, 2025.                                    BY THE COURT:

                                                        s/Patricia L. Dodge
                                                        PATRICIA L. DODGE
                                                        UNITED STATES MAGISTRATE JUDGE